UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY § § § **Plaintiff** § § *Versus* § § ROY'S DRYWALL, INC.,  JUSTO LUGO § HERNANDEZ, and PARADISE CUSTOM § BUILDER, LLC § § **Defendants** § | Civil Action No. 5:22-cv-181 |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Nautilus Insurance Company ("Nautilus") files this Original Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and Rules 57 and 15 of the Federal Rules of Civil Procedure and seeks a declaratory judgment that it is not obligated to defend or indemnify its insured, Roy's Drywall, Inc. ("Roy's"), as outlined below:

### INTRODUCTION

1.   Nautilus seeks a judicial determination that it owes no duty to defend or to indemnify its insured Roy's against claims raised in the lawsuit styled *Justo Lugo Hernandez, Individually and as Personal Representative of Juan Lugo Hernandez, Deceased v. Paradise Custom Homes TX, LLC, et al*, Cause Number 2018CI18546, pending in the 224th Judicial District Court of Bexar County, Texas ("Underlying Lawsuit").

### PARTIES

2.   At all pertinent times, Nautilus was, and still is, an Arizona corporation with its principal place of business in Arizona.

3.   At all pertinent times, Roy's was and is a Texas corporation with its principal place

1

PD.36234088.1

of business in Texas. Roy's may be served via its registered agent, Roy Degollado, Jr., 9230 Gillcross Way, San Antonio, TX or wherever he may be found

4. At all pertinent times, Justo Lugo Hernandez ("Underlying Plaintiff") was and is a citizen of Texas. Underlying Plaintiff may be served 630 W G Ave., Kingsville, Texas 78363-3171. Even though Underlying Plaintiff is not a party to the policy at issue, given Underlying Plaintiff's status, he will not be bound by a judgment rendered as to the Policy's scope of coverage unless he is made a party to this lawsuit. *Dairyland Cty. Mut. Ins. v. Childress,* 650 S.W.2d 770 (Tex. 1983).

5. At all pertinent times, Paradise Custom Builder, LLC ("Underlying Third-Party Plaintiff") is a Texas limited liability company with its principal place of business in Texas. Upon information and belief, the citizenship of the members of Paradise Builder are as follows: Manager, GiGi Bowman, 27650 Wild Bloom, San Antonio, Texas 78260. Paradise Builder may be served by its registered agent, GiGi Bowman, 27650 Wild Bloom, San Antonio, Texas 78260. Even though Underlying Third-Party Plaintiff is also not a party to the policy at issue, given its status as an underlying third-party plaintiff who filed a third-party petition against Roy's, it will not be bound by a judgment rendered as to the Policy's scope of coverage unless it is made a party to this lawsuit. *See Dairyland, supra.*

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs because Roy's is allegedly responsible for damages to Underlying Plaintiff in a sum over $5 million.

7. Venue is proper in the United States District Court, Southern District of Texas, San Antonio Division pursuant to 28 U.S.C. §1391 because the policy in dispute was issued in this

district, all parties are subject to the jurisdiction of this Court, and because a substantial part of the event or omissions giving rise to the claims occurred within the judicial district.

## FACTUAL BACKGROUND

8.  On September 25, 2018, Underlying Plaintiff filed suit against Underlying Third-Party Plaintiff and Paradise Custom Homes TX, LLC[1] ("Paradise Home") in the 224th Judicial District Court of Bexar County, Texas, Cause Number 2018CI18546, entitled *Justo Lugo Hernandez, Individually and as Personal Representative of Juan Lugo Hernandez, Deceased v. Paradise Custom Homes TX, LLC, et al.* On June 18, 2019, Underlying Third-Party Plaintiff filed an Original Third-Party Petition adding Roy's as a third-party defendant to the Underlying Lawsuit. A correct copy of this third-party petition, which remains the operative third-party petition, is attached as Exhibit "A."

9.  Underlying Plaintiff then added Roy's as a direct defendant to the Underlying Lawsuit via a Fourth Amended Petition. A true and correct copy of this petition is attached as Exhibit "B."

10. Underlying Plaintiff filed a Fifth Amended Petition on October 4, 2021. A true and correct copy of this petition is attached as Exhibit "C" and remains the operative petition.

11. According to the Fifth Amended Petition, on January 9, 2018, Underlying Plaintiff's brother, Juan Lugo Hernandez (the "Decedent") was "working for Defendant Paradise Custom Builder, LLC, Roy's Dry Wall, Inc. and Juan Carlos Cruz installing sheetrock on the second story of a new construction home." Exhibit C, ¶ 4.1

12. Underlying Plaintiff further asserts that the Decedent and his co-worker, Ramirez, were "standing on a wooden plank when they lost their footing and fell." This led to the

---

[1] As Paradise Custom Homes TX, LLC has not asserted a claim against Roy's in the Underlying Lawsuit, it is not made a party to this suit. However, in the event this party does assert a claim against Roy's, Nautilus reserves the right to add this party to the instant suit.

Decedent's death. *Id.*

13. Underlying Plaintiff asserts a premises liability cause of action and argues that the defendants (including Roy's) all had a duty to advise their "contractors, subcontractors, independent workers and all employees to take special precautions while installing sheetrock." *Id.* at ¶ 5.1

14. Plaintiff also asserts a cause of action for negligence based on the defendants' (including Roy's) failure to train, supervise, ensure safety for, provide protective gear for, and provide workers' compensation coverage for, the Decedent. *Id.* at ¶ 6.1.

15. Underlying Plaintiff alleges that he seeks damages in excess of $5 million, which include: (1) damages for the Decedent's physical pain and mental anguish; (2) damages for the Decedent's necessary funeral and burial expenses; and (3) pre- and post-judgment interest. *Id.* at ¶ 7.1, 7.2.

16. In the Underlying Third-Party Plaintiff's third-party petition, the Underlying Third-Party Plaintiffs allege that: (1) Roy's was Paradise's subcontractor on the project; (2) Paradise and Roy's entered into a September 5, 2017 subcontract regarding the project; and (3) Roy's agreed to perform all drywall work for Paradise. Exhibit A at ¶ 3.

17. The third-party petition then alleges that on January 9, 2018, the Decedent was performing drywall work and fell off scaffolding, which led to his death. *Id.* at ¶ 4.

18. Paradise asserts contribution, indemnity, and breach-of-contract causes of action against Roy's. *Id.* at ¶ 5-10.

19. Upon information and belief, on the date of the subject accident, the Decedent was working for Juan Carlos Cruz, an independent contractor of Roy's.

20. Upon further information and belief, on the date of the subject accident, the

Decedent was working for Cruz as either a casual worker of Cruz.

21. By letter dated August 31, 2020, Nautilus advised Roy's that it would defend Roy's against claims raised by the Underlying Plaintiff and Underlying Third-Party Plaintiff, subject to a reservation of rights, a copy of which is attached hereto as Exhibit "D". The reservation of rights letter included a statement that Nautilus reserved the right to seek reimbursement of defense costs in the event it was determined that no defense was owed.

## THE POLICY

22. Nautilus issued Policy No. NN862376 ("Policy") to Roy's Drywall[2] for the period November 8, 2017 to November 8, 2018, a true and correct copy of which is attached as Exhibit "E."

23. The Policy includes Commercial General Liability ("CGL") Coverage with limits of $1 million each occurrence / $2 million general aggregate, in accordance with the terms, exclusions, limitations, definitions, and conditions stated in the Policy.

24. The Policy contains Coverage Form No. CG 00 01 04 13, which provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

25. The Policy includes an Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers (L205 (11/10)), which replaces Exclusion e. Employer's Liability of 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability, and it excludes coverage for "bodily injury" to:

> 1. "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employee", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

---

[2] While the Policy was originally issued to "Roy Rogoyo Geollao," Nautilus later amended the Policy to confirm that the correct named insured is "Roy's Drywall, Inc."

2. Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

(a) Employment by any insured; or
(b) Directly or indirectly performing duties related to the conduct of any insured's business; or

3. The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.

This exclusion applies:

(1) Regardless of where the:

a. Services are performed; or
b. "Bodily injury" occurs; and

(2) Whether any insured may be liable as an employee or in any other capacity; and
(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

## FIRST REQUEST FOR RELIEF - DECLARATORY JUDGMENT

26. Nautilus adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

27. There is an actual, present, and existing controversy between Nautilus and Defendants regarding the applicable coverage under the Policy in connection with the claims presented in the Underlying Lawsuit.

28. Based upon the facts alleged in the Underlying Lawsuit that the Decedent was "working for Defendant Paradise Custom Builder, LLC, Roy's Dry Wall, Inc. and Juan Carlos Cruz installing sheetrock on the second story of a new construction home," Nautilus has no duty

to defend Roy's; the Injury to Employees, Contractors, Volunteers and Other Workers Exclusion precludes coverage. Relatedly, because Nautilus reserved the right to seek reimbursement of defense costs in the event it was determined Nautilus did not have a duty to defend, Nautilus has the right to seek reimbursement of defense costs it incurred to defend this non-covered claim.

29. Based upon any facts that can be adduced or determined in the Underlying Lawsuit, Nautilus has no duty to indemnify Roy's because, regardless of the Decedent's status, the Injury to Employees, Contractors, Volunteers and Other Workers Exclusion precludes coverage to any employment status that is at issue.

30. In addition to the foregoing provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found to be applicable as Nautilus' investigation of this matter continues, and it reserves the right to amend its Complaint for Declaratory Judgment.

WHEREFORE, Nautilus Insurance Company respectfully prays:

   a. That Defendants be cited to answer and appear;

   b. That Plaintiff Nautilus has no obligation under the Policy to defend Roy's Drywall, Inc. in the Underlying Lawsuit;

   c. That Plaintiff Nautilus is entitled to seek reimbursement of defense costs it incurred to defend Roy's Drywall, Inc. in the Underlying Lawsuit;

   d. That Plaintiff Nautilus has no obligation under the Policy to indemnify Roy's Drywall, Inc. against the claims asserted in the Underlying Lawsuit; and

   e. That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Sara E. Nau*
      Sara E. Nau
      TBN 24083551
      910 Louisiana Street
      Suite 4300
      Houston, Texas 77002
      Telephone: (713) 626-1386
      Telecopier: (713) 626-1388
      Email: naus@phelps.com

**ATTORNEY FOR PLAINTIFF**
**NAUTILUS INSURANCE COMPANY**